In Proceedings for the Reorganization of a Railroad.

In the Matter of The NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Debtor.

No. 30226.

United States District Court, D. Connecticut.

June 22, 1971.

Robert H. Quinn, Atty. Gen., Boston, Mass., for Commonwealth of Massachusetts.

Joseph Schreiber, Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for Chase Manhattan Bank.

Simpson, Thacher & Bartlett, New York City, for Manufacturers Hanover Trust Co.

William Nelson, Sp. Asst. to Atty. Gen., United States Department of Justice, Washington, D. C., for United States of America.

Walter A. Kernan, Carter, Ledyard & Milburn, New York City, for United States Trust Co. of New York.

Lester C. Migdal, Migdal, Low, Tenney & Glass, New York City, and Lander, Greenfield & Krick, New Haven, Conn., for Harry Rebell and Lester W. Rubin, as New York, New Haven and Hartford R. Co. First Mortgage 4% Bondholders Committee.

Mulholland, Hickey & Lyman, Washington, D. C., for Railway Labor Executives' Ass'n.

Louis J. Lefkowitz, Atty. Gen., Albany, N. Y., for the State of New York.

Oscar Gruss and Son, New York City, Albert E. West, Director of Business Regulation State of Rhode Island, Providence, R. I., for State of Rhode Island.

Robert K. Killian, Atty. Gen. State of Connecticut, Hartford, Conn., for State of Connecticut.

Robert M. Peet, Gen. Atty., Penn Cent. Co., New York City, Interstate Commerce Commission, Washington, D. C., Joseph R. DiStefano, East Providence, R. I., for Providence & Worcester Co.

William S. Nydorf, New York City, for N.Y., N.H. & H.T.F.D., Trustee.

Roswell B. Perkins, Debevoise, Plimpton, Lyons & Gates, New York City, Shaun S. Sullivan, Wiggin & Dana, New Haven, Conn., for Penn Central.

James William Moore, New Haven, Conn., for Trustee New York, New Haven & Hartford Railroad Co.

Charles A. Horsky, Covington & Burling, Washington, D. C., for George P. Baker, Richard C. Bond, Jervis Langdon, Jr., and Willard Wirtz, Trustees of property of Penn Cent. Transp. Co., Debtor.

Frank H. Heiss, Kelley, Drye, Warren, Clark, Carr & Ellis, New York City, Joseph Auerbach, Sullivan & Worcester, Boston, Mass., for Manufacturers Hanover Trust Co., as Trustee under New York Cent. and Hudson River R. Co. Gold Bond Mortgage dated June 1, 1897.

## ORDER OF REMAND ON JUDGMENT OF SUPREME COURT IN THE NEW HAVEN INCLUSION CASES

ANDERSON, Circuit Judge.*

The Interstate Commerce Commission (the "Commission") having certified to this court on December 2, 1968, a plan of reorganization (the "Plan") for the

---

* Sitting by designation.

Debtor, as set forth in the Commission's Fourth Supplemental Report on Reconsideration and Further Hearing, dated November 25, 1968 (334 I.C.C. 25), providing for the Debtor's reorganization in two distinct steps, the first of which being a conveyance of the Debtor's assets and operations to Penn Central Company (now Penn Central Transportation Company) ("Penn Central") by January 1, 1969, and Step II of which being the terms of treatment of persons having an equity in the Debtor's estate in the light of the consideration to be received upon such conveyance; and

Objections to the Plan and claims for equitable treatment thereunder having been filed with this court pursuant to its order dated December 3, 1968, and this court having heard on December 20, 1968, the positions of all interested persons with regard to prompt inclusion of the Debtor's operations in the Penn Central system, and having entered its Order No. 559 on December 24, 1968 directing the Trustees of the property of the Debtor to convey the Debtor's assets to Penn Central and effect the inclusion of the Debtor's operations in the Penn Central system effective at 11:59 p. m. on December 31, 1968, and having directed Penn Central to carry out such inclusion and to pay the consideration, including the assumption of certain obligations and cancellation of certain indebtedness specified in the Plan, while expressly providing that the same would be without prejudice to the right of any party to contest the fairness and adequacy of the consideration and reserving jurisdiction to adjudicate all of the objections and claims for equitable treatment theretofore filed; and

The conveyance and inclusion having been effected in accordance with Order No. 559, and this court having, in accordance with its reservation of jurisdiction and following receipt of briefs and a hearing, entered an order on July 28, 1969 adjudging the price to be paid by Penn Central for the assets conveyed to it on December 31, 1968, and approving and disapproving certain provisions of

Step II of the Plan, and remanding the Plan to the Commission; and appeals and cross appeals from said Order having been taken to the Court of Appeals, which consolidated the same into one case dealing with the issue of consideration and a second dealing with the provisions of Step II; and

The Supreme Court having granted certiorari in the case dealing with the issue of consideration prior to judgment in the Court of Appeals, and having decided the case on June 29, 1970 (New Haven Inclusion Cases, 399 U.S. 392, 90 S.Ct. 2054, 26 L.Ed.2d 691) and its judgment having been filed with this court on July 31, 1970; and

The Court of Appeals, on motion of the parties, having remanded to this court the consolidated cases before it dealing with the provisions of Step II of the Plan; and

On August 10, 1970, this court having directed the Trustee of the Debtor's property and any other parties desiring to be heard to file written statements of position, particularly with respect to six designated subjects, to be considered by this court in connection with the form of order to be issued in carrying out the terms of the decision of the Supreme Court; and statements of position and briefs having been filed by various persons, including the Trustee of the Debtor's property, the Commission, the United States, and the Trustees in reorganization of the property of Penn Central, pursuant to said order, and this court having heard all persons desiring to be heard; and

On June 11, 1971, this court having filed its Memorandum of Decision on Issue of Equitable Lien and Other Matters Preliminary to Remand to Interstate Commerce Commission and ordered that a decree in accordance therewith be settled on June 22, 1971, and having heard all parties in interest desiring to be heard;

It is ordered that:

1. The value of the Debtor's assets conveyed to Penn Central on December

31, 1968, and the amount required to be paid therefor, is $174,635,899, against which Penn Central is entitled to the following credits:

| | |
|---|---|
| $14,000,000 | cancellation of indebtedness represented by $14,000,000 principal amount of trustees' certificates issued to Penn Central by Trustees of the Debtor's property |
| 133,333 | cancellation of accrued interest on above-described trustees' certificates |
| 2,958,667 | cash payment made on December 31, 1968 |
| 4,908,000 | assumption of Debtor's obligations to former employees for vacation pay |
| 2,400,000 | assumption of Debtor's obligation under bonds issued in connection with reorganization of Boston and Providence Railroad Corporation |
| 8,416,730 | assumption of Debtor's obligations under its Harlem River Division Bonds (based upon Commission's Fourth and Fifth Supplemental Reports) |
| 54,450 | cash payment made on November 11, 1969 |
| 9,068,661 | cash payment made on January 28, 1971 |
| $41,939,841 | |

———◆———

The Debtor's estate is entitled to be fully compensated for the balance of $132,696,058, subject to adjustments hereinafter provided.

2. The remainder of the purchase price in the amount of $132,696,058 computed pursuant to paragraph 1, shall be increased by interest on the amounts from time to time unpaid from December 31, 1968 at the legal rate of interest in effect from time to time in the State of New York, as applicable upon the unpaid balance of the purchase price fixed in paragraph 1, until date of payment; and shall be reduced by all interest and dividends received by the Trustee of the property of the Debtor on the 956,576 shares of common stock of Penn Central Company and the $34,025,800 principal amount of Divisional First Mortgage Bonds of Penn Central held by him, together with interest thereon similarly computed.

3. The Trustee of the property of the Debtor shall hold the above-described common stock and bonds of Penn Central as security for the obligations of Penn Central fixed in paragraphs 1 and 2, and to the extent such security is liquidated or is retained under a plan of reorganization Penn Central shall be credited with the fair value thereof.

4. All the tangible property conveyed by the Debtor to Penn Central on December 31, 1968, except rolling stock and the portions of other tangible property as have heretofore been sold by Penn Central or the Trustees in reorganization of its property, is hereby declared subject to an equitable lien as of December 31, 1968 to secure the claims of the Debtor against Penn Central as set forth in paragraphs 1 and 2. So far as the so-called Harlem River Division is concerned, the equitable lien shall be junior to the lien of the mortgage securing the Harlem River Division Bonds.

5. All the right, title and interest of the Debtor in and to the "Grand Central Terminal Property" as set forth in the assignment dated December 31, 1968 from the Trustees of the property of the

**216**

Debtor to Penn Central shall be held in trust by Penn Central, or the Trustees in reorganization of its property, for the benefit of the Debtor until the Debtor's estate shall have received $28,438,000, plus interest, from the Grand Central Terminal Property, or the obligations of Penn Central as set forth in paragraphs 1 and 2 have been discharged in full.

6. One-half the excess income from the Grand Central Terminal Property, as determined pursuant to the Supreme Court's decision in the New Haven Inclusion Cases, *supra,* pp. 438–451, 90 S.Ct. 2054, 26 L.Ed.2d 691, shall, commencing July 1, 1971, accrue to the account of the Trustee for the New Haven estate.

7. The Plan is remanded to the Commission for further proceedings in accordance with the decision of the Supreme Court in the New Haven Inclusion Cases, *supra,* this Order, and this court's Order Approving and Disapproving Certain Step II Provisions of the Plan, dated July 28, 1969.

8. The present Order is to be carried out by the Commission in accordance with the Memorandum of Decision of this Court dated June 11, 1971.